### HOWARD IRVING BUDROW, ADMR.
#### (Estate of June Phyllis Budrow)
*vs.*
### NANCY C. LYNCH (ANNA C.), ET AL.

### HOWARD IRVING BUDROW, ADMR.
#### (Estate of Ida A. Budrow)
*vs.*
### NANCY C. LYNCH (ANNA C.), ET AL.

Superior Court    New Haven County    File Nos. 56402, 56403

MEMORANDUM FILED AUGUST 10, 1939.

*Lewis J. Somers,* of Meriden, for the Plaintiffs.

*Edward M. Rosenthal,* of Meriden; *Frederick S. Harris,* of Meriden, for the Defendants.

DALY, J. Each of these actions is brought by the administrator of the deceased, claiming that the death of the deceased was caused as a result of failure to comply with the statutes of the State of Connecticut requiring that buildings be provided with more than one way of egress. Each action is against the owner of the property in question and the defendant George W. Hollman, building inspector and fire marshal in Meriden. The complaint in each case alleges failure of the defendant Hollman to comply with the statutory requirements providing for his inspecting all buildings, including the one owned by the defendant Lynch, at least once a year and also to see to it that the provisions of the statutes be complied with. The complaint in each case alleges that the defendant Hollman defaulted in his duties and failed and neglected to make the inspection and to enforce the requirements, thereby causing and permitting the tenement house to stand with only one egress from the third floor and to constitute a fire trap. It also alleges that he permitted the existence and continuance of a nuisance.

In each action the defendant Hollman has demurred to the complaint for the reason that the complaint does not state a cause of action against the defendant Hollman in that said complaint fails to show a duty owed to the plaintiff by this defendant upon which liability can be based against the defendant Hollman. Section 2613 of the General Statutes, Revision of 1930, does provide that each story above the first story of a building used as a tenement house occupied by more than two families shall be provided with more than one way of egress, by stairways on the inside or fire escapes on the outside of such building. This section further provides that such stairways and fire escapes shall be so constructed, in such number, of such size and in such location as to give, in the opinion of the officer charged with the enforcement of this section, safe, adequate and convenient means of exit, in view of the number of persons who may need to use such stairway or fire escape.

Section 2616 of the General Statutes, Revision of 1930, provides: "In any case in which any person shall suffer injury or in which the death of any person shall ensue in consequence of the failure of the owner of any building to provide the same with fire escapes or stairways as required by the provisions of

sections 2613, 2614 and 2615....such owner shall be liable to any person so injured for damages for such injury; and, in case of death, such owner shall be liable in damages for the injury caused by the death of such person." This section also provides the penalty to be imposed in a criminal proceeding against the owner.

Section 2617 of the General Statutes, Revision of 1930, provides that: "The building inspector of each city....either by himself or some person appointed by him, shall inspect all the buildings specified in sections 2613 and 2615, at least once each year between April first and October first, and shall see that the provisions of sections 2613, 2615 and 2618 are complied with."

In 2 Cooley on Torts (4th ed. 1932) §300, it is stated: "The rule of official responsibility, then, appears to be this: That if the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public, not an individual injury, and must be redressed, if at all, in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it, or to perform it properly, is an individual wrong, and may support an individual action for damages."

"But a public officer while performing duties imposed solely for the benfit of the public is not liable for the mere failure to do that which is required by the statute." 22 R.C.L. Public Officers §161.

"Before he [an officer] can be made liable for omitting to do something, the obligation to do it must be absolute, specific and imperative. The duty must also be one owing to the person injured by his nonfeasance." 2 Shearman & Redfield, Negligence (6th ed. 1913) §314. In footnote 33 at page 826 we find the following: "Whenever an action is brought for a breach of duty imposed by statute, the party bringing it must show that he had an interest in the performance of the duty, and that the duty was imposed for his benefit."

In the plaintiffs' brief it is stated that the complaint, in addition to charging against the defendant Hollman the violations of the provisions, also alleges that the defendants had permitted and maintained a situation which was inherently dangerous and a nuisance.

In paragraph 7 of the complaint in No. 56402 (Estate of June Phyllis Budrow) it is alleged that the death of June Phyllis Budrow was caused by the failure of the defendant to provide said third floor apartment with more than one way of egress as required by the Connecticut statutes, and in permitting and maintaining a situation that was inherently dangerous and a menace to the safety of the third floor tenants, including deceased, and in permitting the existence and continuance of a nuisance, and which conditions had been permitted to continue and exist for a long period of time and by the failure, neglect and default of the defendant, Hollman, to inspect said building, and to discover its condition in the respects aforesaid, and in failing to require and compel said defendant owner of said tenement house, to provide and install more than one way of egress and in failing and neglecting to enforce said requirements with regard to said tenement house of said defendant Lynch."

In paragraph 7 in the other action, No. 56403 (Estate of Ida A. Budrow) it is alleged: "That the death of said deceased, Ida. A. Budrow, was caused by the failure of the defendant, Anna C. Lynch, to provide said third floor apartment with more than one way of egress as required by the Connecticut statutes, and in permitting and maintaining a situation that was inherently dangerous and a menace to the safety of the third floor tenants, including deceased, and in permitting the existence and continuance of a nuisance and which conditions had been permitted to continue and exist for a long period of time, and by the failure, neglect and default of the defendant Hollman, to inspect said building, and to discover its condition in the respects aforementioned, and in failing to require and compel said defendant owner of said tenement house, to provide and install more than one way of egress and in failing and neglecting to enforce said requirements with regard to the said tenement house of said defendant, Anna C. Lynch."

It will be noted then that in neither complaint is it alleged that the defendants maintained a situation inherently dangerous and a nuisance. The "maintenance" is charged to and against the defendant, Anna C. Lynch, and the defendant Hollman is alleged to have failed to perform his duty as required by statute.

In examining the statutes it is interesting to note that section 2616, making the owner of a building liable for failure to com-

ply with section 2613 of the General Statutes, does not make the building inspector liable for failure to perform his duty.

The failure of the building inspector, if there was a failure on his part, must be redressed, if at all, in some form of public prosecution.

The demurrer of the defendant Hollman in each of the actions is sustained for the reasons stated therein.